UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHRISTIAN MICHAEL CLAYBORN, Booking #24722983, Plaintiff, vs. SAN DIEGO POLICE DEP'T, Defendant. | Case No. 25-cv-1739-BAS-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |
|---|---|

**I.   INTRODUCTION**

Plaintiff Christian Michael Clayborn ("Plaintiff" or "Clayborn"), a detainee proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). (*See* ECF Nos. 1, 2.) In the Complaint, Clayborn alleges his constitutional rights were violated when officers with the San Diego Police Department used excessive force against him. (ECF No. 1 at 3.) For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice and with leave to amend.

## II. MOTION TO PROCEED IFP

Generally, parties instituting any civil action in a district court of the United States, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Clayborn has provided a copy of his prison certificate and trust account statement. (*See* ECF No. 2.) During the six months prior to filing suit, Clayborn had an average monthly balance of $6.67 and average monthly deposits of $20.00; and at the time he filed suit he had an available account balance of $40.03. (*Id*. at 5.) Accordingly, the Court **GRANTS** Plaintiff's IFP motion and assesses an initial partial filing fee of $4.00 pursuant to 28 U.S.C. § 1915(b)(1). This initial fee need be collected, however, only if sufficient funds are available in Plaintiff's account at the time this Order

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

25cv1739

is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Pursuant to 28 U.S.C. § 1915(b), the agency having custody of Plaintiff will forward payments to the Clerk in installment provisions until the $350 statutory fee is paid in full.

### III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

#### A. Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

#### B. Plaintiff's Allegations

Clayborn alleges that on June 3, 2024, he was walking when San Diego Police Officer Tani "flashed his vehicle's lights" at him. (ECF No. 1 at 4.) The officer did not seek to detain Clayborn at that time, so he kept walking. (*Id.*) When another police car

arrived, Clayborn threw his flashlight and dropped his bag so he would be "fully unarmed." (*Id.*) He then raised his hands above his head. Officer Tani instructed Clayborn not to reach for anything and he complied. (*Id.*)

Plaintiff was attempting to tell officers he could not lie down on the sidewalk because it was "contaminated with feces," when a police canine named "Hoddo" attacked him. (*Id.*) The dog "went for [his] head" and "ripped" Clayborn's scalp and "gouged" his eye. (*Id.*) A second bite "tore directly into" Plaintiff's bicep and the dog stayed clamped down on his arm for an "excessive amount of time." (*Id.*) Meanwhile, Officers Tani, Golden and Langley punched and kicked Clayborn while he was on the ground with his hands behind his back. (*Id.* at 3, 4.) The officers kept telling Plaintiff to "stop resisting" even though he was not resisting. (*Id.*)

After officers handcuffed Clayborn, Officer Klos placed him in a restraint device called "The Wrap" and put a "spit mask" over his face. (*Id.* at 3, 5.) Clayborn was then placed in a police car, after which Officer Tani took him on a "wild ride" for two hours. (*Id.* at 5.) During that time, Tani drove at an excessive speed, particularly when making turns, to "inflict even more harm" on Plaintiff. (*Id.*)

Eventually, Clayborn was taken to a hospital where he was offered a tetanus shot but was not treated for his head and arm injuries. (*Id.*) As a result of his injuries, Clayborn suffers with "nerve damage, trauma and mistrust." (*Id.*) He states that the above events were captured on body cameras worn by officers. (*Id.* at 3, 5.)

Clayborn argues he was subjected to excessive force in violation of his constitutional rights. *Id.* at 3. He names the San Diego Police Department ("SDPD") as the sole defendant, and he seeks $4,000,000 in compensatory and punitive damages. (*Id.* at 2, 9.)

**C.   Discussion**

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### *1. Applicable Constitutional Right*

Clayborn argues Defendants' use of force violated his right to be "free[] from cruel and unusual punishment." (ECF No. 1 at 3.) While this reference suggests Plaintiff relies on the Eighth Amendment as the constitutional basis for his excessive force claim, because the incident occurred during Clayborn's seizure and arrest, the Court liberally construes his claim under the Fourth Amendment. *See Graham v. Conner*, 490 U.S. 386, 393–95 & n.10 (1989) (stating that although excessive force claims may arise under the Fourth or Eighth Amendment, the Fourth Amendment is implicated when an excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, while the Eighth Amendment is implicated when such a claim arises in the context of a post-conviction prison encounter); *see also Mendoza v. Jimmenez*, 2018 WL 5761427, at *2 (S.D. Cal. 2018) (liberally construing pro se plaintiff's claim that alleged excessive force during his arrest violated his "right to be free from cruel and unusual punishment" under the Fourth Amendment instead). The test for such Fourth Amendment excessive force claims is whether the defendant's actions were "objectively reasonable in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 396–97 (internal citations omitted).

### *2. San Diego Police Department*

As noted above, Clayborn names the SDPD as the only Defendant. Local government entities are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). However, a local government entity may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).

A municipal entity is responsible only "when execution of a government's policy or custom inflicts the injury." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Thus, to state a claim for municipal liability, a plaintiff must plausibly allege "(1)

[he] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. Cty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks omitted). And here, Clayborn alleges no policy or custom of the SDPD, and no facts that could support a plausible *Monell* claim against the San Diego Police Department.[2]

Therefore, the Court finds Clayborn has failed to state a claim against the San Diego Police Department and as such, the Complaint is dismissed. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

### D. Leave to Amend

Given Plaintiff's pro se status, the Court grants him leave to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV. CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2. **DIRECTS** the Watch Commander at the George Bailey Detention Facility, or their designee, to collect from Plaintiff's trust account the $4.00 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward

---

[2] While the Complaint includes specific factual allegations against various individual officers, *see* ECF No. 1 at 3–5, Clayborn does not identify any of these individuals as defendants. The Federal Rules of Civil Procedure require that each defendant be named in the caption of the complaint. Fed. R. Civ. P. 10(a). If Plaintiff intends to pursue constitutional claims against these individuals, he must name them as defendants in the caption of any amended pleading pursuant to Rule 10(a). *See e.g. Martinez v. Davey*, 2018 WL 898153, at *5 (E.D. Cal. 2018) (dismissing, among other reasons, because "Plaintiff makes allegations against numerous non-party individuals not named in the caption of the complaint" in violation of Rule 10(a)).

whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, George Bailey Detention Facility, 446 Alta Rd. Ste. 5300, San Diego, California, 92158;

4. **DISMISSES** Plaintiff's Complaint in its entirety without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b); and

5. **GRANTS** Plaintiff **sixty (60)** days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. See CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

**DATED: November 17, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court